**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 96-4413

ALFREDO REZA,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Rockingham.
Frank W. Bullock, Jr., Chief District Judge.
(CR-93-183)

Submitted: December 10, 1996

Decided: December 20, 1996

Before MURNAGHAN and LUTTIG, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Manuel L. Costa, Chapel Hill, North Carolina, for Appellant. Walter
C. Holton, Jr., United States Attorney, Douglas Cannon, Assistant
United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Alfredo Reza was involved in a scheme in which he made and distributed false alien identification cards ("Green Cards"). Appellant was apprehended after a cooperating witness purchased ten counterfeit immigration cards and ten counterfeit social security cards from Appellant while recording the transaction.

Jury selection in Appellant's case was conducted on Monday, December 13, 1993, with trial scheduled for Thursday, December 16, 1996. Unbeknownst to either counsel or the trial judge, a story was aired on "60 Minutes" on Sunday, December 12, 1993, concerning the problems caused by counterfeit immigration cards. There is nothing in the record suggesting that Appellant was referred to in the story. On the morning of Appellant's trial, defense counsel made a motion to reopen voir dire to question the jury members about their knowledge of the story. The motion was denied, and Appellant was convicted the same day. Finding no error, we affirm.

The trial judge has broad discretion over the conduct of voir dire, and his decision to deny a motion to reopen voir dire will not be disturbed absent a clear abuse of that discretion. Morgan v. Illinois, 504 U.S. 719, 729 (1992). In addition, a defendant does not have the right "to have questions posed during voir dire specifically directed to matters that conceivably might prejudice veniremen against him." Ristaino v. Ross, 424 U.S. 589, 594-95 (1976).

In the present case, Appellant has not provided any evidence to show that the voir dire which was conducted was somehow deficient, or that the trial judge abused his discretion in denying the motion to reopen, especially since the voir dire in this case occurred after the news story in question. Moreover, Appellant fails to show that the trial judge neglected to ask jurors if there was any possible source of bias, or that the trial judge failed to give the normal instruction advising the jury to only consider evidence presented during the trial. Finally, Appellant fails to present any evidence showing that any jurors even watched the show, let alone were influenced by it.

2

We therefore affirm the findings and sentence of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3